IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH A. ELLIOTT, SR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-1037 |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v ) | |
| SUPERINTENDENT FOLINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) be denied.

### REPORT

Plaintiff, Joseph A. Elliott, Sr., a capital inmate confined at the State Correctional Institution at Greene, Pennsylvania, has sought leave to proceed *in forma pauperis* (IFP) in order to file a civil rights complaint against Superintendent Louis Folino and others for alleged violations of his First, Eighth, and Fourteenth Amendment rights regarding the denial of allowing him to purchase kosher food from the commissary.

It is a plaintiff's burden to prove entitlement to IFP status. *See* White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence."). Moreover, this Court is required to review the Plaintiff's action under the directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that the Plaintiff has had three prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g).

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. §1915(g) as he is incarcerated SCI-Greene.[1] He has attempted to file this civil action by seeking to proceed IFP. Because he has

---

1. The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or

three strikes, he may not do so. The three strikes that Plaintiff has accumulated are as follows. The first strike is Joseph A. Elliott, Sr. v. Former Mayor Wilson Goode, et. al, Civil No. 95-CV-536 (E.D. Pa. Jan. 31,1995 - Order *sua sponte* dismissing the case as frivolous).[2] The second strike is Joseph A. Elliott, Sr. v. Leon O. Dark, Civil No. 96-CV-3421 (E.D. Pa. May 3, 1996 - Order *sua sponte* dismissing complaint as frivolous ). The third strike is Joseph A. Elliott, Sr. v. Raymond Dorian, Civil No. 05-CV-1667 (W.D. Pa. January 10, 2007 - Order granting motion to dismiss for failure to state a claim).[3]

Accordingly, at the time he sought to file his complaint, Plaintiff had at least three strikes. Because Plaintiff has had three strikes, he may not proceed *in forma pauperis*, unless "the prisoner is under imminent danger of serious physical injury." To satisfy the imminent danger element, the Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was

---

diversionary program." 28 U.S.C. § 1915(h).

2. The fact that this strike occurred before the enactment of the PLRA is no bar to counting this case as a strike. Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997).

3. No appeal was taken from this order and so the judgment became final 30 days later, *i.e.*, February 9, 2007. Raven v. Oppenheimer & Co., Inc., 74 F.3d 239, 241 (11 Cir. 1996) (judgment becomes final in 30 days where no appeal is taken). While it is true that after the filing of the report and recommendation, which recommended the grant of the motion to dismiss, Plaintiff filed a motion seeking leave to withdraw the suit voluntarily, (ECF No. 27 filed December 11, 2006), the District Court adopted the Report and Recommendation and dismissed the case for failure to state a claim upon which relief could be granted. The District Court's order did not specifically address Plaintiff's request for leave to withdraw the suit voluntarily but the District Court's order, granting the motion to dismiss is inconsistent with the grant of a voluntary dismissal and hence, the order denied Plaintiff's motion to withdraw *sub silentio*. *See, e.g.*, Goodman v. New Horizons Community Service Bd., 2006 WL 940646, *3 (11th Cir. 2006) (unpublished opinion) ("the entry of a final judgment implicitly denies any pending motions. *See* Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1012 (11 Cir. 1991)(holding that appellant's the request for an evidentiary hearing was denied *sub silentio* by the district court's order of dismissal)").

filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

In addition, in upholding the constitutionality of section 1915(g), Judge Easterbrook, writing for the Court of Appeals for the Seventh Circuit, found as follows.

> . . . A prisoner who suffers a threat to (or deprivation of) fundamental rights has ready access to the courts. Consider the list of options:
>
> 1. Pay the filing fee under 28 U.S.C. § 1914 using assets on hand.
>
> 2. Save up in advance to be able to pay the fee in a lump sum. (This would have taken Lewis about two months, had he deemed the litigation sufficiently important to justify using all of his income for this purpose.)
>
> 3. Refrain from frivolous litigation and thus retain full advantage of § 1915(a), which authorizes suits without prepaying fees and costs.

4

4. Borrow the filing fee from friends or relatives.

5. Borrow the filing fee from a lawyer-for 42 U.S.C. § 1988 promises reimbursement of prevailing prisoners' legal expenses, and this plus a share of any recovery may well attract the assistance of counsel, who may (and often do) advance their clients' expenses in contingent-fee cases. . . .

6. Sue in state rather than federal court-for § 1915(g) does not apply in state court, and states must entertain § 1983 litigation on a parity with claims under state law.

7. If all else fails, a prisoner may sue without prepayment when "the prisoner is under imminent danger of serious physical injury." . . .

Congress was entitled to conclude that these seven options preserve adequate opportunities for prisoners to vindicate their fundamental rights. They show that § 1915(g) effects no real limit on access to courts by prisoners who use their options carefully and responsibly.

Not all of the options will be available all of the time. Prisoners who insist on both filing frivolous suits and spending their income as fast as they receive it, which Lewis has done, will find when they want to sue that options 1, 2, and 3 are closed. But Congress may take them into account, to encourage both thrift and refraining from abusive litigation. Even from an ex post perspective, however, options 4 through 7 are adequate. . . .

**Option 7, which allows suit without prepayment when "the prisoner is under imminent danger of serious physical injury", can serve its role as an escape hatch for genuine emergencies only if understood reasonably . . . The imminent-danger language must be read . . . as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options in our list. When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name**.

Lewis v. Sullivan, 279 F.3d 526, 530-531 (7th Cir. 2002) (internal citations omitted) (emphasis added).

Viewing Plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an imminent danger of serious physical injury" at the time of his filing the complaint. His complaints of suffering diarrhea, cramps and constipation are not sufficient to satisfy the imminent danger requirement. *Cf*. Polanco v. Hopkins, 510 F.3d 152 (2d. Cir. 2007) (holding that allegations that prisoner was deprived of adequate diet while in the SHU causing him to lose weight was not in imminent danger of serious injury under 28 U.S.C. § 1915(g)). Rather, it appears that Plaintiff's claims of imminent danger have been included in his complaint solely to avoid application of the three strikes rule. *See* Tucker v. Ludwick, Civil No. 09-13247, 2009 WL 2713950, 2 (E.D. Mich. Aug.25, 2009) (holding that the events giving rise to Plaintiff's complaint, *i.e.*, the alleged failure to provide him with a kosher diet and the refusal to allow him to establish a new religious group service, do not pose any threat of imminent danger of serious physical injury).

Because Plaintiff herein has failed to allege any facts that would permit him to proceed IFP, he should be denied leave to so proceed. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee of $350.00 and have his complaint filed.

**CONCLUSION**

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

August 15, 2011

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc: Joseph A. Elliott, Sr.
CA-1717
SCI Greene
169 Progress Drive
Waynesburg, PA 15370